UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET K. SPECIAL,

    Plaintiff,

v.    Case No:   6:15-cv-1624-Orl-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Janet K. Special, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*.  At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled.  *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed a Title II application for DIB on August 28, 2012, and a Title XVI application for SSI on July 13, 2012. (Tr. 232, 239). In both applications, Plaintiff alleged a disability onset date of August 17, 2012. (Tr. 232, 239). Plaintiff's claims were denied initially on October 19, 2012, and upon reconsideration on November 21, 2012. (Tr. 135-39, 141-46, 154-58, 160-64). Plaintiff requested a hearing and on February 12, 2014, an administrative hearing was held before Administrative Law Judge Don C. Paris ("the ALJ"). (Tr. 33-68). On March 21, 2014, the ALJ entered an unfavorable decision finding that Plaintiff had not been under a disability from August 17, 2012, through the date the decision. (Tr. 20-31). On August 12, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff initiated the instant action by Complaint (Doc. 1) on September 30, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 17, 2012, the alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the servical, thoracic, and lumbar spine; and chronic hepatitis. (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically

equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: lift and carry ten pounds frequently and 20 pounds occasionally; stand and walk six hours of an eight hour day; sit six hours of an eight hour day; occasionally climb ramps and stairs, ladders, ropes, or scaffolds; and frequently stoop, kneel, crouch, and crawl.

(Tr. 24). At step four, the ALJ found that Plaintiff was capable of returning to her past relevant work as a billing clerk or customer service representative because such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 25). The ALJ concluded that Plaintiff had not been under a disability from August 17, 2012, through the date of the decision, March 21, 2014.

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ's decision to accord "limited weight" to the opinion of Plaintiff's treating physician, Brian Dowdell, M.D., is supported by substantial evidence. (Doc. 17 p. 14-21). Plaintiff argues that the ALJ seemed to have ignored Dr. Dowdell's explanation that Plaintiff's complaints of persistent and radiating pain in her neck and low back along with right shoulder pain and headaches were consistent with his diagnosis of cervicalgia, brachial neuritis/radiculitits, headache, and the late effects of a motor vehicle accident. (Doc. 17 p. 14-15). In addition, Plaintiff argues that the ALJ failed to consider the positive findings in the treatment notes from Dr. Dowdell's office over the many years that Plaintiff sought treatment. (Tr. 17 p. 15). Further, Plaintiff contends that the ALJ improperly discounted Dr.

Dowdell's opinion on the basis that Plaintiff's level of activity was inconsistent with the degree of disability alleged. (Doc. 17 p. 20).

In response, Defendant argues that the ALJ's decision shows that the ALJ properly considered Dr. Dowdell's opinion and that he provided good cause for according the opinion "limited weight." (Doc. 18 p. 5-6). Further, Defendant argues that the evidence of record, as discussed by the ALJ, further supported the ALJ's finding that Dr. Dowdell's opinion was entitled to "limited weight." (Doc. 18 p. 6-7).

The record shows that on June 30, 2013, Dr. Dowdell offered his opinion that Plaintiff had a permanent aggravation of the neck and low back and that Plaintiff should not lift or carry more than 15 pounds, not walk more than 1-3 hours, not stand more than 1-3 hours, and not sit more than 1-3 hours. (Tr. 752).

In his decision, the ALJ explained his decision to give "limited weight" to this opinion as follows:

> In a form completed in June of 2013 in relation to a motor vehicle accident, Brian Dowdell, M.D., stated that the claimant was permanently restricted to lifting and carrying less than 15 pounds; walking one to three hours; standing one to three hours; and sitting one to three hours (Exhibit 16F). The undersigned gives limited weight to Dr. Dowdell's opinion, as it, like Dr. Cooper's, lacks notes of observation or findings to support such restrictions. (Exhibit 16F).

(Tr. 25).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite

his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the Court finds that the ALJ erred by failing to provide good cause for his decision to discount the opinion of Dr. Dowdell. The only reason given by the ALJ for discounting Dr. Dowdell's opinion was that the opinion lacked "notes of observation or finding to support such a restriction." (Tr. 25). Dr. Dowdell, however, explained in his opinion that Plaintiff's complaints of persistent and radiating pain in her neck and low back along with right shoulder pain and headaches were consistent with his diagnosis of cervicalgia, brachial neuritis radiculitis, headache, and late effects of motor vehicle accident. (Tr. 750). Dr. Dowdell further provided that his diagnosis of Plaintiff's condition was based on positive test results or clinical findings, for example that Plaintiff's neck was stiff with limited active range of motion in flexion, extension, side bending and rotation, and that her Spurlings test was positive on the right side, her Tinels was negative, and that her Phalens test was positive on the right side. (Tr. 750).

The ALJ's single-sentence explanation for rejecting treating physician Dr. Dowdell's opinion, without further analysis, fails to constitute good cause. *See Kahle v. Comm'r of Soc. Sec.*, 845 F.Supp.2d 1262, 1272 (M.D. Fla. 2012) ("[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."). Despite Plaintiff's lengthy treatment relationship with Dr. Dowdell, the ALJ did not review or summarize this information in the decision, nor explain how Plaintiff's treating records do not support Dr. Dowdell's opinion. Upon remand, the ALJ shall reevaluate Dr. Dowdell's opinion and, if he decides to discount it, explain his reasons for doing so with specific citations to the record.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties